IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OTIS RUBE TERRY,**<br><br>　　　　**Petitioner,**<br><br>　　v.<br><br>**JAMES YATES, WARDEN**<br><br>　　　　**Respondent.** | **CV F 06-0196 OWW WMW HC**<br><br>**FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION WITHOUT PREJUDICED** |

　　　　Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court.  In support of his petition, Petitioner states only as follows: "My lawyer never told me where I was in court, or what the result was.  He never told me he quit me, I am at a loss and don't know what to do."

　　　　Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000).  On April 24, 1996, Congress enacted the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on February 22, 2006, after the enactment of the AEDPA, thus it is governed by its provisions.

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction.

Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; see, also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) *citing*, Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In the present case, Petitioner does not claim that his custody is in violation of the Constitution or laws or treaties of the United States. For that reason, this petition does not state a claim for relief under 28 U.S.C. § 2254.

Based on the foregoing, IT IS HEREBY RECOMMENDED that this petition be dismissed without prejudice to Petitioner's right to file a petition for writ of habeas corpus raising a cognizable claim.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

3

1  California.  Within thirty (30) days after being served with a copy, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be
3  captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the
4  objections shall be served and filed within ten (10) court days (plus three days if served by
5  mail) after service of the objections.  The court will then review the Magistrate Judge's
6  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file
7  objections within the specified time may waive the right to appeal the District Court's order.
8  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  IT IS SO ORDERED.

10  **Dated:    March 20, 2006**              **/s/  William M. Wunderlich**
    mmkd34                                    UNITED STATES MAGISTRATE JUDGE