IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OTIS RUBE TERRY,** )<br> )<br>    **Petitioner,** )<br> )<br>    v.                                            )<br> )<br> )<br>**JAMES YATES, WARDEN** )<br> )<br>    **Respondent.** )<br>_____ ) | CV F 06-0196 OWW WMW HC<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. On March 21, 2006, the Magistrate Judge assigned to this case issued findings and recommendations that this action be dismissed without prejudice because Petitioner did not claim that his custody is in violation of the Constitution, laws or treaties of the United States.  The court gave Petitioner thirty days to file objections to the findings and recommendations.

Petitioner did not file objections.  Rather, on March 29, 2006, Petitioner filed a notice of appeal from the findings and recommendations.  On April 14, 2006, Petitioner filed a

request for a certificate of appealability.

On , 2005, Petitioner filed an application for a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds that Petitioner has failed to carry his burden of making a substantial showing of the denial of a constitutional right.  Indeed, it would be impossible for Petitioner to do so because no final order has been entered in his case. As set forth above, all that has been entered are findings and recommendations which have not yet been ruled upon by the district judge.  Petitioner has thus appealed from a non-final, unappealable order, which serves no purpose except to delay the resolution of his case. Accordingly, Petitioner's request for a certificate of appealability is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   May 2, 2006**         /s/ Oliver W. Wanger
emm0d6                  UNITED STATES DISTRICT JUDGE

2